On Rehearing.
Mare,- J.
If the allegations of the petition be true, the defendant, •Courege, is attempting to practice a great fraud, through the medium of ■a justice’s court. The defendant chose to put his case in the court below, on exceptions, which necessarily, pro hac vice, admitted the truth of the allegations contained in the petition.
It is urged that plaintiffs could not maintain this action because •Jean Marie Berthin was one of the committee, of which the plaintiffs, eight in number, were members. But it is distinctly charged in the .petition, that “ they, said notes, remained in the possession of said com- , mittee, your petitioners, but in the office and special charge of Berthin . * * * as worthless paper after their maturity.” And again : “ that your petitioners were the only persons entitled to the possession of said notes, and they only as a committee, and to return them to the makers thereof, which duty they now desire to perform.” These allegations, which ■can not be called in question under the exceptions taken by defendant, show a perfect and exclusive right of action in the plaintiffs to recover . possession of the notes ; and to prevent the alleged fraudulent attempt of Courege to enforce them as valid obligations- belonging to him. If the facts are not as thus charged, these distinct allegations must be put at issue by the defendant, as it is his right to do, in an answer to the merits.
*80 If Berthin was a member of the committee, and entitled as such, equally with any one of the other members of the committee, to the possession of the notes, he could not control the other eight members. It was the committee, not one of its members, that was entitled ; and if one should refuse to join the others in a proceeding to recover the possession, he could be made a defendant if he was á necessary party. But under the allegations of the petition for the purposes of the exception, no such question would arise.
It is true that each one of the makers of the 137 notes might, when sued, defend himself; but that is no reason why the committee, entitled to the possession for the purpose of returning them to the respective-makers, should not sue to recover them for that purpose.
A district court would not be authorized, by injunction or other writ, to forbid a justice to hear and determine a case pending before him, and falling within his jurisdiction ; but there are cases in which it is competent for one court, at the instance of one not a party to, but interested in a suit pending in another court, to deal wjith the parties to that suit; and, in aid of its own jurisdiction, to forbid them, by injunction, to proceed with their suit.
There were 137 notes in the possession of Courege; and he might have brought 137 suits against the makers of those notes. It was the ' right of plaintiffs, according to the allegations of their petition, to sue him for the possession of all of them : to sequester such as were in his possession, and to enjoin him from suing on them. It is true that * plaintiffs might have intervened in every one of the suits ; but they were equally entitled to sue and assert their rights in a single and separate suit, in a competent court. Their right was an entirety, the possession of all the notes; and the proof requisite to establish their right to one of them would suffice to establish their right to all of them. It would be a great defect in our jurisprudence if a person not a party to any one of 137 suits brought in a tribunal of inferior jurisdiction, having a right to the custody and possession of the subject matter of all these 137 suits, who could not assert his right in the inferior tribunal in a single action, could not go into a court of competent jurisdiction, and assert it in a single suit; and by the appropriate conservatory process of that court obtain the remedy and relief to which he is entitled.
Our decree does not enjoin the plaintiff from prosecuting his thirty-eight suits in the justice’s court; but it does forbid him to use the notes as evidence in the suits, and for the very good reason that upon the allegations of the petition, the plaintiff in the thirty-eight suits is attempting to make an unlawful use of the notes to the prejudice of the rights of plaintiffs as asserted in their suit in the district court.
The sequestration need not take the notes out of the possession of *81 the justice’s court. They may be sequestered and detained in that court by proper notice served by the sheriff, on the justice, or his clerk : and the justice might well be appointed sheriff’s keeper. If plaintiffs are entitled as they allege they are, to the possession of these notes for the purpose of returning them to the makers, their right would be of no avail if the plaintiff in the justice’s court might withdraw them, and part with, or conceal, or dispose of them: or if he might proceed to judgment against the makers, and enforce it by execution.
Our decree does not invade the jurisdiction of the justice: it deals with a suitor in the justice’s court, not directly in his relations toward the makers of the notes in the pending suits, but in his relations to the plaintiffs in the district court, touching the right to the possession and use of the notes, the subject matter oE the suit in the district court.
It is no infringement of art. ten of the Constitution to say to a suitor, you shall not make any use of property the possession of which you obtained unlawfully, which you hold and detain unlawfully, and which you are attempting to use unlawfully to the prejudice of the right of another who invokes the aid of a competent tribunal to preserve and to enforce that right.
A careful re-examination of this case has but served to convince us that our original decree is correct, and it is therefore affirmed.
Mr. Justice DeBlanc adheres to the opinion expressed by him on the original hearing, and dissents as he then did.